IN THE UNITED STATES DISTRICT COURT   FILED
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION                2014 JUN 16 AM 9: 19

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY

NOE ABARCA, ELSA ABARCA, ILEANNA
ABARCA MUELLER, DANIEL ABARCA, and
BRANDON ABARCA,
                    **Plaintiff,**

-vs-                                    **Case No.  A-13-CA-778-SS**

CITIMORTGAGE, INC.,
                    **Defendant.**

# O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant CitiMortgage, Inc.'s Motion for Summary Judgment [#15], Plaintiffs Noe Abarca, Elsa Abarca, Ileanna Abarca Mueller, Daniel Abarca, and Brandon Abarca's Response [#19], and CitiMortgage's Reply [#22]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and order GRANTING the motion for summary judgment.

## Background

The Abarcas purchased the real property located at 2704 Perdernales Falls Drive, Pflugerville, Texas 78660 in 2007. The purchase was funded in part by a Note secured by a Deed of Trust, both in favor of the original lender, Home Loan Corporation. CitiMortgage acquired the Note and Deed of Trust by way of assignment, and CitiMortgage's ownership of the mortgage and status as the servicer of the loan is unchallenged.

The Abarcas initially defaulted on the loan in late 2010. CitiMortgage sent the Abarcas at least six notices of default over the next nine months as the parties attempted to negotiate a loan modification agreement. The Abarcas never cured their default, and CitiMortgage provided the Abarcas a notice of acceleration and notice of substitute trustee's sale in August 2011. On September 6, 2011, the property was sold at a foreclosure sale and purchased by Federal Home Loan Mortgage Corporation (Freddie Mac). Despite the foreclosure sale, the parties apparently continued to work towards a loan modification which would keep the Abarcas in the property.

Freddie Mac initiated the eviction process and filed a forcible detainer action against the Abarcas in October 2011. Elsa Abarca represents she spoke with a CitiMortgage employee, Michael Hicks, about the eviction. Specifically, on November 2, 2011, Hicks emailed Abarca and informed her the Abarcas had been approved for a loan modification effective December 1, 2011, and the foreclosure sale was "in the process of being rescinded with the approval of the investor." Pls.' Resp. [#19-2], Ex. B. Freddie Mac nevertheless proceeded with the eviction, and the Abarcas were evicted from the property on November 16, 2011. Possession of the property was returned to the Abarcas nine days later.

The parties signed a loan modification agreement on February 6, 2012. At the Abarcas' request, CitiMortgage ultimately executed and recorded a document rescinding the foreclosure sale "effective as of, and retroactive to, September 6, 2011," the date of the sale. Mot. Summ. J. [#15-1], Ex. A-9. The rescission document was executed and recorded in June 2012. The Abarcas still reside in the property, and are apparently proceeding under the terms of the loan modification agreement and are current on their mortgage payments.

The Abaracas filed this lawsuit against CitiMortgage on September 6, 2013. The basis of the Abarcas' suit is a novel one. According to the Abarcas, because CitiMortgage rescinded the foreclosure sale to Freddie Mac, the 2011 eviction—which was undisputedly lawful when conducted by Freddie Mac, who owned the property at the time—has been made wrongful ex post facto. The Abaracas assert three claims against CitiMortgage: (1) wrongful eviction; (2) negligence; and (3) breach of contract. CitiMortgage now moves for summary judgment on all claims.

## Analysis

### I.      Legal Standard

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary

judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## II.    Application

The Abarcas' entire suit is premised on a legal argument unsupported by any authority: the idea that CitiMortgage's 2012 rescission of the 2011 foreclosure sale makes Freddie Mac's 2011 eviction unlawful and entitles the Abarcas to damages from CitiMortgage. As best the Court can tell, this theory is so novel it has never been discussed in any decision of any court. The Abarcas acknowledge they have identified no authority in support of such a theory, but respond in kind that CitiMortgage "has been unable to cite any case in law in support of its position that Plaintiffs'

position is incorrect." Pls.' Resp. [#19], at 5. Because the Abarcas have failed to identify any legal authority supporting the theory underlying their entire case, the Court concludes summary judgment in CitiMortgage's favor is appropriate. There is no evidence either the foreclosure or eviction were wrongful at the time they were performed, and no authority suggesting a rescission of the foreclosure gives rise to a retrospective wrongful eviction claim. Alternatively, the Court will briefly address the claims individually.

The Abarcas' first cause of action is wrongful eviction. The elements of a wrongful eviction claim under Texas law are: "(1) The existence of an unexpired contract of renting; (2) occupancy of the premises in question by the tenant; (3) eviction or dispossession by the landlord; (4) damages attributable to such eviction." *McKenzie v. Carte*, 385 S.W.2d 520, 528 (Tex. Civ. App.—Corpus Christi 1964, writ ref'd n.r.e.); *see also Martinez-Bey v. Bank of Am., N.A.*, No. 3:12-CV-4986-G(BH), 2013 WL 3054000, at *12 (N.D. Tex. June 18, 2013) (reciting same elements and noting "Texas cases recognizing a claim for wrongful eviction generally involve an eviction of a tenant by a landlord" (internal quotation marks omitted)); *Ezennia v. Wells Fargo Bank, N.A.*, No. H-10-5004, 2012 WL 1556170, at *8 (S.D. Tex. Apr. 27, 2012) (same). There is no dispute the Abarcas were evicted by Freddie Mac, the then-owner of the property, following Freddie Mac's forcible detainer action. To the extent the eviction could be wrongful at all, it is the landlord, Freddie Mac, who would be the target of such an action. CitiMortgage simply did not evict the Abarcas, and the Abarcas provide no legal authority suggesting CitiMortgage can be held liable for Freddie Mac's conduct. CitiMortgage is entitled to summary judgment on this claim.

The Abarcas' second cause of action is styled simply as negligence, but more accurately described as a negligent misrepresentation claim. The Abarcas contend the representations regarding

the eviction and foreclosure by CitiMortgage's employee, Hicks, were false, but the Abarcas relied on them to their detriment. Under Texas law, the elements of a negligent misrepresentation claim are: "(1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies 'false information' for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation." *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991). "Additionally, the 'false information' contemplated in a negligent misrepresentation case must be a misstatement of an existing fact rather than a promise of future conduct." *Scherer v. Angell*, 253 S.W.3d 777, 781 (Tex. App.—Amarillo 2007, no pet.).

The Abarcas' negligent misrepresentation claim fails for at least two independent reasons. First, if Hicks's alleged misrepresentations concerning the pending eviction and pending rescission of the foreclosure sale are promises at all, they are promises of future conduct, not misstatements of any existing fact. *See id.* "A promise to do or refrain from doing an act in the future is not actionable because it does not concern an existing fact." *BCY Water Supply Corp. v. Residential Inv., Inc.*, 170 S.W.3d 596, 603 (Tex. App.—Tyler 2005, pet. denied). Second, any negligence action is barred by the economic loss rule, which precludes recovery in tort for duties arising out of contractual obligations. *See Formosa Plastics Corp. USA v. Presidio Engineers & Contractors, Inc.*, 960 S.W.2d 41, 45 (Tex. 1998). The Abarcas have not identified any legal duty owed them and breached by CitiMortgage, but any such duty would arise only from the parties' contractual, mortgagor–mortgagee relationship. In fact, Hicks's email specifically references the Abarcas' approval for a loan modification—in other words, a modification to the parties' then-existing

contractual obligations. The Abarcas' claims thus sound only in contract, not in tort, and CitiMortgage is entitled to summary judgment. *See, e.g., Casey v. Fed. Home Loan Mortg. Ass'n,* No. H-11-3830, 2012 WL 1425138, at *4 (S.D. Tex. Apr. 23, 2012) (dismissing fraudulent misrepresentation claim based on promises to modify and delay foreclosure because such claims sound only in contract); *DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 625–26 (N.D. Tex. 2011) (same for negligent misrepresentation claim).

The Abarcas' third cause of action is breach of contract. "The essential elements in a suit for breach of contract are: (1) the existence of a valid contract; (2) that the plaintiff performed or tendered performance; (3) that the defendant breached the contract; and (4) that the plaintiff was damaged as a result of the breach." *Hussong v. Schwan's Sales Enters., Inc.*, 896 S.W.2d 320, 326 (Tex. App.—Houston [1st Dist.] 1995, no pet.). The Abarcas allege CitiMortgage breached the Deed of Trust by allowing an eviction to take place in the absence of a valid foreclosure. This theory again twists the effects of CitiMortgage's 2012 rescission and seeks to fault CitiMortgage for conduct which was not unlawful at the time it occurred. In any event, the Abarcas offer no evidence proving they had performed or tendered performance under the Deed of Trust, and the undisputed summary judgment evidence establishes they had defaulted on their mortgage as early as 2010. *See Williams v. Wells Fargo Bank, N.A.*, No. 13-10233, 2014 WL 1044304, at *3 (5th Cir. Mar. 19, 2014) (unpublished) ("[I]f, as here, plaintiffs fail to allege they were current on their payments under the deed of trust, dismissal of their breach of contract claim is proper."). Additionally, the undisputed summary judgment evidence establishes it was Freddie Mac, not CitiMortgage, who evicted the Abarcas. Freddie Mac cannot breach CitiMortgage's contract, at least not without specific evidence

indicating Freddie Mac acted, for example, as CitiMortgage's agent. There is no such evidence here, and therefore no basis for holding CitiMortgage liable for Freddie Mac's conduct.

## Conclusion

The Abarcas have failed to demonstrate the existence of any genuine dispute as to any material fact, and CitiMortgage has shown itself entitled to summary judgment on all claims. The Abarcas have no legal support for their novel theory seeking to hold CitiMortgage liable for Freddie Mac's lawful eviction following Freddie Mac's purchase of the property at a lawful foreclosure sale.

Accordingly,

IT IS ORDERED that Defendant CitiMortgage, Inc.'s Motion for Summary Judgment [#15] is GRANTED.

SIGNED this the _16th_ day of June 2014.


_Sam Sparks_
SAM SPARKS
UNITED STATES DISTRICT JUDGE